# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5 | **DATE** | 1/4/2012 |
| **CASE TITLE** | Fishbein vs. Doe | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's application to proceed in forma pauperis [4] and dismisses this lawsuit in its entirety. Civil case terminated.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On January 3, 2012, pro se Plaintiff Julius Fishbein filed the present Complaint against Defendants Walter Doe and Irma Doe. Plaintiff seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1). For the following reasons, the Court denies Plaintiff's application to proceed in forma pauperis and dismisses this lawsuit in its entirety.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review his claims to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if the action seeks damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In addition, federal courts my raise, sua sponte, the court's subject matter jurisdiction at any stage of the proceedings. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

Construing pro se Plaintiff's allegations liberally, *see Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011), Plaintiff alleges that his constitutional rights have been violated because his neighbor, Walter, and his girlfriend, presumably Irma, are both troublemakers and fabricated the story that Plaintiff's dog tried to bite Irma. Plaintiff further alleges that this is a false statement and seeks ten thousand dollars in damages.

Based on these allegations, Plaintiff has failed to state a constitutional claim. Instead, Plaintiff is alleging a defamation claim based on Defendants' alleged false statement that his dog tried to bite Irma. To establish a defamation claim under Illinois law, "a plaintiff must present facts that a defendant made a false statement about a plaintiff, the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Seith v. Chicago Sun–Times, Inc.,* 371 Ill.App.3d 124, 134, 308 Ill.Dec. 552, 861 N.E.2d 1117 (1st Dist. 2007).

The Court, however, cannot reach the merits of Plaintiff's claim because the Court does not have subject matter jurisdiction in the first instance. "Federal courts are courts of limited jurisdiction," and "[t]he circumscribed nature of the federal judiciary's jurisdiction is a function of restrictions placed upon it by both the United States Constitution and federal statutory law, both of which must authorize a federal court to hear a given type of case." *International Union Pac. of Operating Eng'rs, Local 150, AFL-CIO v. Ward,* 563 F.3d 276, 280 (7th Cir. 2009). Because defamation claims are subject to state law, the Court does not have original jurisdiction under 28 U.S.C. § 1331. Therefore, the Court turns to whether Plaintiff has properly alleged diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction over a civil suit based on state law if it is between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *LM Ins. Corp. v. Spaulding Enter. Inc.,* 533 F.3d 542, 547 (7th Cir. 2008).

## CONCLUSION

Here, Plaintiff fails to allege whether the parties to this lawsuit are citizens of different states, but because the parties live in the same building in Chicago, Illinois, it is reasonable to infer that they are all citizens of Illinois. Further, Plaintiff alleges that the dispute involves $10,000, not $75,000 or more. Based on Plaintiff's allegations, the Court does have subject matter jurisdiction to hear this claim under the diversity jurisdiction statute 28 U.S.C. § 1332(a). Therefore, the Court dismisses Plaintiff's Complaint.